UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL ANTHONY AMARO,

        Petitioner,                 Case No. 08-12118

v.                                   Honorable Patrick J. Duggan

KENNETH ROMANOWSKI,

        Defendant
                                 /

**OPINION AND ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**

On May 15, 2008, Petitioner Daniel Anthony Amaro ("Petitioner") filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner is challenging his conviction on March 17, 2006, following a jury trial in the Circuit Court for Oakland County, for operating a vehicle under the influence of intoxicating liquor ("OUIL"), third offense, and driving while license suspended ("DWLS"). The trial court sentenced Petitioner as a second habitual offender pursuant to Michigan Compiled Laws Section 769.10, to concurrent prison terms of 28 to 90 months for the OUIL conviction and six months for the DWLS conviction. For the reasons stated below, the Court denies the petition.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**.

The Michigan Court of Appeals described the facts leading to Petitioner's convictions as follows:

> Defendant's convictions arise out of a drunk driving incident that occurred on January 2, 2006. Kiel Hearn, a tow truck driver, received a call from defendant, who stated that he had driven his car off an expressway into a ditch and needed to have it pulled out. Hearn met defendant at a nearby gas station, and defendant directed him to the car. Hearn notified the police when he noticed that defendant smelled of alcohol. Upon seeing the flashing lights of the police vehicle that appeared at the scene, defendant repeatedly asked Hearn to tell the police that he, defendant, had not been driving. Thereafter, the police arrested defendant and transported him to the police station. Two breathalyser tests revealed that defendant's blood-alcohol level was .14.
>
> Defendant's theory of defense was that he was not the driver of the vehicle. Defendant testified that he was not the driver of the vehicle. Defendant testified that his brother called him to pick up the vehicle because his brother had driven it into the ditch. His brother did not want to pick up the vehicle himself because he had problems complying with his probation requirements and did not want to draw attention to himself by retrieving the car. Defendant saw the car in the ditch when his roommate drove him to the area and dropped him off at a nearby restaurant where he ate dinner and had a few drinks before attempting to retrieve the car. Defendant denied asking Hearn to tell the police that he had not been driving.

*People v. Amaro*, No. 269692, 2007 WL 1687475, at *1 (Mich. Ct. App. June 12, 2007).

Following Petitioner's convictions, he filed a direct appeal in the Michigan Court of Appeals raising the following three claims: (1) Petitioner was denied his Fourteenth Amendment due process rights by being convicted of OUIL and DWLS with insufficient evidence; (2) Petitioner was denied his Sixth Amendment right to effective assistance of counsel when trial counsel refused to investigate and call key a key witness, and failed to provide Petitioner with civilian clothing for court and; (3) Petitioner was denied his

Fourteenth Amendment due process rights of having a presumption of innocence at trial when the state court judge allowed Petitioner to face the jury while wearing prison attire. The Michigan Court of Appeals affirmed Petitioner's conviction. *Amaro*, 2007 WL 1687475. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court in which he raised the same three claims that he raised in the court of appeals. The Michigan Supreme Court denied Petitioner leave to appeal concluding that the application did not present questions that should be reviewed by the Court. *People v. Amaro*, 480 Mich. 925, 740 N.W.2d. 265 (2007). Petitioner filed a motion for reconsideration in the Michigan Supreme Court, which the Court denied on February 18, 2008. *People v. Amaro*, 480 Mich. 1078, 774 N.W.2d. 133 (Mich. 2008).

On May 15, 2008, Petitioner filed the pending application for a writ of habeas corpus, raising the same three grounds that were previously raised in the Michigan courts. Respondent filed an Answer to the petition, contending that Petitioner's claims lack merit.

## II. STANDARD OF REVIEW

Federal courts "have power to grant writs of habeas corpus in all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States . . . ." *Williams v. Taylor*, 529 U.S. 362, 374-75, 120 S. Ct. 1495, 1502 (2000) (internal quotation marks and citation omitted). Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), a petition for a writ of habeas corpus shall not be granted unless the adjudication of the claim–

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harper v. State of Ohio*, 128 F.3d 322, 326 (6th Cir. 1997).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. at 1523. As a result, a federal habeas court may not issue a writ of habeas corpus simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly, but may only issue habeas review if the state court's ruling was also unreasonable. *Id.* at 410-11, 120 S. Ct. at 1522; *see also Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000) (holding that even if a federal court determines that a state court incorrectly applied federal law, the court still cannot grant habeas relief unless it also finds that the state court ruling was unreasonable).

For purposes of § 2254(d), the phrase "clearly established law" is the legal principle or principles set forth by the United States Supreme Court at the time the state court renders its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 1172 (2003). As such, a federal habeas court may look only to the holdings of the United States Supreme Court, as opposed to dicta, as they existed at the time of the relevant state court decision to determine whether the state court decision was contrary to, or an unreasonable application of, clearly established federal law. *Id*. at 71, 123 S. Ct. at 1172; see also *Mitzel v. Tate*, 267 F.3d 524, 530-31 (6th Cir. 2001).

**III. ANALYSIS**

As set forth earlier, Petitioner raises the following three grounds in support of his request for habeas relief:

> (1) The evidence of OUIL and DWLS is insufficient and Defendant was convicted in violation of due process;
>
> (2) Trial counsel failed to provide Defendant with civilian clothing for court and failed to call witness on behalf of defense constitutes ineffective assistance of counsel; and
>
> (3) The trial judge erred reversibly in permitting Mr. Amaro to face a jury while wearing jail clothing thus raising the inference that he was incarcerated.

### A. Petitioner's Insufficiency of the Evidence Claim

Petitioner alleges that the evidence presented at trial was insufficient to support his convictions of OUIL and DWLS. Specifically, Petitioner alleges that there was a lack of evidence presented at trial to prove beyond a reasonable doubt that he was driving under the influence of alcohol because no one saw him driving or occupying the vehicle.

When evaluating sufficiency of the evidence claims, a habeas court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . ." *Brown v. Koneth*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)). "This standard applies whether the evidence was direct or circumstantial." *See Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002) (citing *Spalla v. Foltz*, 788 F.2d 400, 402 (6th Cir. 1986)). The *Jackson* standard must be applied with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16, 99 S. Ct at 2792.

When making this determination, the habeas court must review the state court record in its entirety, not simply the summary of the facts provided by the state courts. *Jeffries v. Morgan*, 522 F.3d 640, 644-45 (6th Cir. 2008). In doing so, however, the habeas court must not re-weigh the evidence or re-evaluate the credibility of any witnesses; nor may the court substitute its own judgment for that of the jury. *Brown*, 567 F.3d at 205. Such a standard gives full responsibility to the trier of fact to weigh the

evidence, resolve conflicting testimony, and draw reasonable inferences from the facts. *Herrera v. Collins*, 506 U.S. 390, 401, 113 S. Ct. 853, 861 (1993). Therefore, even if the habeas court disagrees with the state court decision, it must still uphold the jury verdict so long as "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. (quoting *Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789) (emphasis in original). Moreover, the habeas court "'faced with a record of historical facts that supports conflicting inferences must presume– even if it does not affirmatively appear on the record– that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Wright v. West*, 505 U.S. 277, 296-97, 112 S. Ct. 2482, 2492-2493 (1992) (quoting *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792).

Under Michigan law, to be convicted of OUIL, the prosecutor must prove that the defendant operated a vehicle while intoxicated or while under the influence of liquor. *Amaro*, 2007 WL 1687475 at *2 (citing Mich. Comp. Laws § 257.625). Petitioner contends that there was insufficient evidence to convict him of OUIL because the prosecution failed to present any direct or circumstantial evidence to allow a rational fact finder to conclude that Petitioner was the driver of the vehicle.

Here, the Michigan Court of Appeals correctly upheld Petitioner's convictions. Specifically, the court of appeals was correct to conclude that the prosecution presented sufficient evidence to support Petitioner's OUIL conviction because "[t]he evidence and reasonable inferences arising therefrom supported the conclusion that defendant drove the vehicle into the ditch while he was intoxicated." *Amaro*, 2007 WL 1687475 at *3.

7

Although no direct evidence was presented at trial to place Petitioner behind the wheel of the vehicle found in the ditch, there was sufficient circumstantial evidence introduced to allow the jury to reach that conclusion. Specifically, Karl Hearn ("Hearn") from the tow truck company testified during Petitioner's trial that Petitioner called him from a nearby gas station on the night in question, stating that he had driven his vehicle off the expressway into a nearby ditch and needed to have it pulled out. *Id.* Hearn testified that when he arrived at the vehicle, Petitioner told him that he had driven into the ditch because the roads were slick and he "didn't quite make the turn." *Id.* Hearn further testified that he called the police after he noticed that Petitioner appeared physically drunk. *Id.* According to Hearn's testimony, the vehicle was in a type of wetlands area, and it was wet and muddy around the vehicle. *Id.* Although Petitioner remained in the tow truck while Hearn investigated the stalled vehicle in the nearby ditch, Hearn testified that Petitioner's shoes appeared wet and muddy. *Id.* Hearn also testified that when Petitioner saw the lights of the police vehicle flashing behind Hearn's tow truck, he asked Hearn "to tell the police that he had not been driving." *Id.*

Farmington Hills Police Officer Anthony Bateman ("Bateman") also testified during Petitioner's trial that when he arrived at the scene, Petitioner admitted to being intoxicated, but alleged that he had not driven the vehicle in question; stating instead that he was merely dropped off by his brother to pick up the vehicle. *Id.* Bateman further testified that Petitioner later changed his story regarding how he had actually arrived at the scene on the night in question. *Id.* Lastly, further trial testimony revealed that

8

Petitioner was carrying the keys to the vehicle when the police arrived, and that Petitioner's shoes and hands were wet and somewhat muddy. *Id*.

Based on the evidence, the state court's resolution of Petitioner's sufficiency of the evidence claim did not unreasonably apply clearly established Supreme Court law under *Jackson*. 443 U.S. 307, 99 S. Ct. 2781. As the Court of Appeals correctly recognized, it was for the trier of fact to weigh any conflicting evidence and evaluate the credibility of witnesses. If the jury reasonably believed Hearn, which this Court must conclude that it did, there was sufficient evidence to conclude beyond a reasonable doubt that Petitioner drove the vehicle intoxicated. Therefore, the Court concludes that Petitioner is not entitled to habeas relief based on his insufficiency of the evidence claim.

**B.     Petitioner's Ineffective Assistance of Counsel Claim Based on the Failure to Investigate and Call Witnesses**.

Petitioner alleges that he was denied effective assistance of counsel because his trial counsel refused to investigate and call key witnesses. Specifically, Petitioner contends that counsel should have called as a witness his brother (who allegedly drove the vehicle into the ditch), his roommate (who Petitioner claimed drove him to retrieve the vehicle after Petitioner's brother drove it into the ditch), and employees from the restaurant where Petitioner claimed he stopped for dinner and drinks before returning to the car.

In *Strickland v. Washington*, the Supreme Court established a two-prong test that must be satisfied in order to demonstrate that a habeas petitioner has been denied

effective assistance of counsel as guaranteed by the Sixth Amendment. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "First, a petitioner must prove that counsel's performance was deficient." *Id.* Second, the habeas petitioner must demonstrate that the deficient performance prejudiced the defense. *Id.*

To prove trial counsel's deficiency under *Strickland*, a habeas petitioner must demonstrate that counsel "made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* When asserting such a claim, a habeas petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The scrutiny that a habeas court gives to counsel's performance is highly deferential, and a strong presumption exists that counsel rendered adequate assistance and utilized reasonable professional judgment when making all significant decisions regarding the case. *Id*. at 690, 104 S. Ct. at 2066. Moreover, the habeas court must bear in mind that "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Id*. at 691, 104 S. Ct. at 2066.

To satisfy the prejudice standard under the *Strickland* test, a habeas petitioner must show that counsel's errors were so serious that they deprived the petitioner of a fair trial or appeal. *Id*. at 687, 104 S. Ct. at 2064. Specifically, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient

to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068. Thus, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id*. at 686, 104 S. Ct at 2064.

"To present an ineffective assistance of counsel claim based on a failure to call a witness, [the petitioner] must make an affirmative showing as to what the missing evidence would have been and prove that the witness' testimony would have produced a different result." *Malcum v. Burt*, 276 F. Supp. 2d. 664, 679 (E.D. Mich. 2003). Here and in the state courts, Petitioner has failed to make such a showing. Petitioner has failed to present affidavits from any of the allegedly favorable witnesses, nor has he submitted other evidence, aside from his own allegations, regarding the substance of their testimony. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings).

Absent such a showing, as the Michigan Court of Appeals concluded in rejecting Petitioner's claim, a reviewing court cannot determine whether trial counsel's decision to not call the individuals as witnesses was a professional lapse or a strategic or tactical

11

decision. *See Amaro*, 2007 WL 1687475 at *3; *see also Malcum*. Petitioner has thus failed to show that counsel erred and/or that he was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

> C. **Petitioner's Ineffective Assistance of Trial Counsel Based on Counsel's Failure to Provide Petitioner with Civil Clothing and His Due Process Claim Based on the Trial Court's Allowing Petitioner to Proceed to Trial in Prison Attire**

Petitioner alleges that he was denied his Sixth Amendment right to effective assistance of counsel because trial counsel did not make any attempt to obtain civilian clothing for Petitioner to wear at his trial. Petitioner also alleges that his Fourteenth Amendment rights to a fair trial were violated when the trial court allowed him to face the jury in prison attire. Petitioner claims that he was forced to wear prison clothing during his trial, although turned inside-out.

The Michigan Court of Appeals set forth several reasons for rejecting Petitioner's claims. First, the court found that Petitioner "did not object to wearing prison clothing before the jury was empanelled [sic]." *Amaro*, 2007 WL 1687475, at *4. The court also found no evidence that Petitioner in fact was forced to wear prison clothing during his trial. *Id*. As the court noted, several witnesses identified Petitioner during the trial as wearing a white shirt. *Id*. But even if Petitioner was required to wear prison clothing, the Court of Appeals concluded that he failed to demonstrate resulting prejudice. With respect to Petitioner's claim that his trial counsel was ineffective for failing to provide him with civilian clothing, the court found no authority indicating that it is defense

12

counsel's responsibility to furnish his or her client alternative clothing; but again, that he nevertheless failed to establish prejudice. *Id*.

The United States Supreme Court has held that "a State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes . . ." *Estelle v. Williams*, 425 U.S. 501, 512, 96 S. Ct. 1691, 1697 (1976). However, the "failure to make an objection to the court as being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id*. at 512-13, 96 S. Ct. at 1697. At his trial, Petitioner did not raise an objection based on his alleged lack of civilian clothing. The State court therefore correctly concluded that Petitioner's Fourteenth Amendment rights were not violated based on his claim that the trial court allowed him to proceed to trial in prison clothing.

With respect to his related ineffective assistance of counsel claim, the claim fails because the record does not reflect that Petitioner was required to wear obviously apparent prison attire and because Petitioner fails to establish prejudice. While Petitioner asserts that he was required to wear pants with the word "PRISONER" on the pant legging that was visible even when turned inside out (*see* Reply at 20), there is no evidence in the record to support his claim. Furthermore, Petitioner fails to demonstrate prejudice resulting from counsel's alleged error. *See Hill v. Mitchell*, 400 F.3d 308, 320-21 (6th Cir. 2005). Notably, there was substantial evidence establishing Petitioner's guilt and it is questionable that the result of his trial would have been different if he had been

wearing different clothing. *See id*. (rejecting the petitioner's ineffective assistance of counsel claim based on his counsel's failure to provide civilian clothing "given lack of reasonable possibility that jury would have acquitted defendant, who had confessed to murder, if he had appeared in civilian clothing"); *Simmons v. Taylor*, 195 F.3d 346, 348 (8th Cir. 1999) (same).

Thus, this Court finds that the Michigan Court of Appeals' decision with respect to Petitioner's claims based on his alleged jail attire at trial was not contrary to or an unreasonable application of clearly established Supreme Court law, nor was it based on an unreasonable determination of the facts in light of the evidence in the record. As such, Petitioner is precluded from habeas relief based on these claims.

## IV. CONCLUSION

For the reasons stated above, this Court holds that Petitioner is not entitled to habeas relief based on the claims asserted in his petition. The Court also concludes that Petitioner is not entitled to a certificate of appealability with respect to this claims. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). This Court

does not find that reasonable jurists would find its assessment of Petitioner's claim debatable or wrong.

Accordingly,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is not entitled to a certificate of appealability pursuant to 28 U.S.C. § 2253.

DATE: August 9, 2010                    s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Daniel Amaro, #326974
15820 Parklane Drive
Plymouth, MI   48170

AAG Laura A. Cook